R. H. ARKENBURGH *v.* W. T. SHORT.

Partnership—Liability for Debt for Firm.
   While facts that S. by his conduct and conversation held himself out
   to the public as a partner of a firm, it will not have the effect of making
   property in his possession liable for the payment of debts contracted by
   him years before the plaintiff had any connection with him.

Same—Written Agreement as Evidence of Agency.
   One relying on a written agreement, which shows S. to be merely an
   agent, can not subsequently claim S. to have been a partner and rely
   on the writing to prove same.

APPEAL FROM M'LEAN CIRCUIT COURT.

April 26, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

No reason is assigned why Short resorted to a petition in equity
instead of proceeding by motion upon the bond executed to suspend
the sale under his execution, as provided for by section 716 of the
Civil Code.

There was, however, no objection taken in the circuit court to
the mode of proceeding adopted, hence such objection can not be
made available in this court. The only material issue presented
by the pleadings is as to whether or not Sproy and Arkenburgh
were partners. Short specifically alleges that they were partners,
and that by reason of their partnership Sproy owned one-half of
the tobacco levied on. The answer of the appellants directly con
troverts both of these propositions.

The only evidence tending to establish the partnership is the fact
that the business was conducted in the name of A. Sproy & Co.,
and that Sproy, by his conduct, and conversation, held himself out
to the public as a partner. These facts of themselves would be
sufficient to make him responsible for the payment of the debts
contracted by the concern, but we can not admit that they could
have the legal effect of making the property in his possession liable
for the payment of debts contracted by him years before Arken-
burgh had any connection with him, unless the parties seeking to

subject the property were able by other and competent evidence to establish that a partnership actually did exist.

It is not shown that Arkenburgh had any knowledge of the fact that Sproy was conducting the business in his own name, nor that he had information of the fact that Sproy claimed to be his partner.

Sproy's employes, whose depositions were taken by the appellee, did not regard Sproy a partner in the concern, although it was conducted in his name, for the very good reason that they knew him to be hopelessly insolvent and wholly unable to raise any part of the large sums of money being used in the purchase of tobacco.

Again, if the fact that Sproy held himself out as a partner, and conducted the business in his own name, can be used as evidence against the appellant. Then certainly the written agreement between Arkenburgh and Sproy, which is signed by both parties, and which seems to have been read upon the trial of this cause without objection is competent and convincing in his favor, this writing establishes conclusively that Sproy was a mere agent, acting for the appellant, having no interest whatever in the tobacco being purchased and shipped. It is true that the terms of this agreement were afterwards changed by an oral contract, but that change had reference to the manner in which the business was to be conducted and was not intended and did not give Sproy an interest in the business or the tobacco.

Considering all the evidence in the record, we are of opinion that the appellee failed satisfactorily to establish the existence of the partnership.

The judgment is reversed, and the cause remanded with instructions to dismiss Short's petition.

*Owen, for appellant.*
*Baker, for appelee.*